IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON L. SANTIFER,

    Petitioner,                                                     No. CIV S-05-2513 MCE GGH P

    vs.

M. EVANS, Warden,                                  ORDER

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit. Accordingly, the request for leave to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        Since petitioner may be entitled to the requested relief if the claimed violation of constitutional rights is proved, respondents will be served with the petition, but shall not file a response at the present time.

        In light of the length of petitioner's sentence, the court has determined that the interests of justice require appointment of counsel. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request to proceed in forma pauperis is granted;

2. The Federal Defender is appointed to represent petitioner;

3. Within thirty days of this order, the parties shall file a joint scheduling statement which addresses the timing and order of the following matters:

    a. The number of days petitioner's counsel estimates it will take to file either:

        1. A statement indicating petitioner will stand on the existing petition, and supplemental memorandum of points and authorities, if any;

        2. An amended petition which will proceed on exhausted claims only; or

        3. A statement which identifies both exhausted and unexhausted claims, **demonstrates good cause for having failed to exhaust state court remedies as to any claims,**[1] and any intention to pursue unexhausted claims, after which the court **may** recommend that the proceedings be held in abeyance while petitioner exhausts any new claims in state court.[2]

    b. Discovery and investigations;

    c. Anticipated motions;

    d. The need for and timing of an evidentiary hearing;

    e. Enumeration and resolution of unexhausted claims; and

    f. Possible future amendments to the pleadings.

/////

---

[1] Rhines v. Weber, ___ U.S. ___, 125 S. Ct. 1528 (2005).

[2] If not all claims in the original petition are exhausted, an amended "exhausted claims only" petition must be filed along with the statement indicating petitioner's intent to pursue unexhausted claims and **good cause for petitioner's having failed to exhaust before filing in federal court**. Of course, if no claims in the original petition have been exhausted, the case must be dismissed as opposed to stayed.

2

1  Counsel are reminded of the importance of timely filing a joint scheduling statement.  Failure to
2  do so may result in sanctions.
3        4.  The Clerk of the Court shall serve a copy of this order on Jo Graves, Senior
4  Assistant Attorney General, and David Porter, Assistant Federal Defender.
5  DATED:   1/4/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:bb
sant2513.110ggh

3